IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

FILED
2011 APR -1 A 11: 24
US DISTRICT COURT
HARTFORD CT

| | |
|---|---|
| JOSEPH IANTOSCA, BELRIDGE CORPORATION, GAIL A. CAHALY JEFFREY M. JOHNSTON, BELLMORE ASSOCIATES, LLC, MASSACHUSETTS LUMBER COMPANY, INC., UNITED STATES OF AMERICA, <br><br> Plaintiffs, <br><br> V. <br><br> BENISTAR ADMINISTRATIVE SERVICES, INC., DANIEL CARPENTER, MOLLY CARPENTER, BENISTAR PROPERTY EXCHANGE TRUST COMPANY, INC., BENISTAR LTD., BENISTAR EMPLOYER SERVICES TRUST CORPORATION, CARPENTER FINANCIAL GROUP, LLC, STEP PLAN SERVICES, INC., BENISTAR INSURANCE GROUP, INC., BENISTAR 419 PLAN SERVICES, INC., TRAVELERS INDEMNITY COMPANY, CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, WAYNE H. BURSEY, <br><br> Defendants. | CIVIL ACTION NO. 08-CV-11785-NMG (Pending in the District of Massachusetts) <br><br> 3:11 mc 52 (CFD) <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br> APRIL 1, 2011 |

## NON-PARTY SIMIONE MACCA & LARROW LLP'S MOTION TO QUASH AND, IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER

Pursuant to Rules 26(c) and 45 of the Federal Rules of Civil Procedure and Local Rule 7, Simione Macca & Larrow LLP ("SML"), an accounting and business advisory firm that is not a party in the above-captioned case, hereby moves to quash the Subpoena issued to it by the plaintiff's attorney in this proceeding. A copy of the Subpoena is appended hereto as Exhibit A. In the alternative, if the subpoena is not quashed in its entirety, SML requests that the Court issue

**ORAL ARGUMENT REQUESTED**

a protective order. The Subpoena commands that SML produce and permit inspection of documents relating to services rendered to a host of business entities and individuals from January 1, 2000 to the present. The Subpoena, which was served on March 22, 2011, fails to allow SML a reasonable time to comply, as it instructs SML to mail the documents to requesting counsel "for receipt on or before April 1, 2011" at 4:00 p.m. On this basis alone, the Subpoena must be quashed. Furthermore, it subjects SML to undue burden in that requires SML to produce "any and all" documents relating to thirteen different businesses and individuals. Lastly, it seeks the disclosure of proprietary, sensitive and confidential information.

**WHEREFORE**, for the reasons set forth in its memorandum of law, SML requests that the Court grants its motion and quash the subpoena in its entirety. In the alternative, SML requests that Court enter a protective order forbidding the disclosure of the requested documents.

Respectfully submitted,

**NON-PARTY
SIMIONE MACCA & LARROW LLP**

By: /s/*Joseph J. Arcata, III*
Joseph J. Arcata III
CT Fed. Bar No. 27014
**HALLORAN & SAGE LLP**
One Goodwin Square
225 Asylum Street
Hartford, CT 06103
Tel: (860) 522-6103
Fax: (860) 548-0006
E-Mail: arcata@halloran-sage.com

Its Attorneys

# CERTIFICATION

This is to certify that on this 1st day of April, 2011, a copy of the foregoing was caused to be faxed and mailed via U.S. Mail to:

John E. O'Brien, Jr.
Robinson & Cole, LLP
One Boston Place
Boston, MA 02108

*/s/Joseph J. Arcata, III*
Joseph J. Arcata III

1965257v.1

3

# TABLE OF CONTENTS

**PAGE**

PRELIMINARY STATEMENT ................................................................................................. 1

BACKGROUND ....................................................................................................................... 1

ARGUMENT ............................................................................................................................. 2

    I.     THE SUBPOENA SHOULD BE QUASHED
         BECAUSE IT FAILS TO ALLOW REASONABLE
         TIME FOR COMPLIANCE .............................................................................. 2

    II.    THE SUBPOENA SHOULD BE QUASHED BECAUSE
         IT IS OVERLY BROAD, AND UNDULY BURDENSOME ............................. 3

    III.   THE SUBPOENA SHOULD BE QUASHED
         BECAUSE IT SEEKS PRIVATE, CONFIDENTIAL AND COMMERCIALY
         SENSITIVE INFORMATION .......................................................................... 4

CONCLUSION .......................................................................................................................... 6

## PREMILINARY STATEMENT

Pursuant to Rules 26(c) and 45 of the Federal Rules of Civil Procedure and Local Rule 7, Simione Macca & Larrow LLP ("SML"), an accounting and business advisory firm that is not a party in the above-captioned case, submits this memorandum of law in support of its motion to quash the Subpoena served on March 22, 2011, and to the extent the Subpoena is not quashed in its entirety, for the entry of a protective order. In sum, the Subpoena should be quashed because a) it fails to allow a reasonable time to comply; b) it requires the disclosure of confidential, proprietary and other sensitive matter; and c) it subjects the non-party to undue burden.

## BACKGROUND.

On March 22, 2011, SML, a non-party, was served with the subject "Keeper of Records" Subpoena, commanding production of certain financial documents by April 1, 2011 at 4:00 p.m. As stated above, SML is a Connecticut-based accounting and business advisory firm. The Subpoena requires that all responsive documents be mailed to Attorney John E. O'Brien, Jr. for receipt on or before April 1, 2011. Specifically, Schedule A attached to the subpoena seeks:

> Any and all documents, contracts, agreements, cancelled checks, notes, email communications, memoranda, tax returns, receipts, and other documents relating to or reflecting any services You rendered to any of the following entities or individuals for the period January 1, 2000 through the present:
>
> Benistar Admin Services, Inc.
> Benistar Property Exchange Trust Co., Inc.
> Boston Property Exchange Transfer Co., Inc.
> Benistar Employer Services Trust Corporation
> Daniel Carpenter
> Molly Carpenter
> Benistar 419 Plan Services, Inc.
> Benistar 419 Trust
> Step Plan Services, Inc.
> Step Plan Trust
> Carpenter Financial Group, Inc.
> Benistar Ltd.
> Benistar Insurance Group, Inc.

## ARGUMENT

### I. THE SUBPOENA SHOULD BE QUASHED BECAUSE IT FAILS TO ALLOW REASONABLE TIME FOR COMPLIANCE

The issuance of a Subpoena commanding compliance with a voluminous document request less than nine days after service is inappropriate under the Federal Rules of Civil Procedure. Rule 45 states that "on timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it . . . fails to allow a reasonable time for compliance." Indeed, Rule 45 generally contemplates that a party to whom a subpoena is issued and which commands the production of documents, will have 14 days to serve written objections. See Fed. R. Civ. P. 45(c)(2)(B). The subject Subpoena, dated March 22, 2011, commands SML to mail the requested documents to requesting counsel's office in Boston, Massachusetts "for receipt on or before April 1, 2011." To ensure receipt on or before the April 1, 2011 deadline, SML would have to mail the requested documents at least two days in advance. In reality, therefore, the subpoena imposes a seven day deadline. Providing SML with only seven days to produce volumes of documents relating to thirteen separate entities does not constitute a reasonable time for compliance. This Court should not condone such tactics. See Fed. R. Civ. P. 45(c)(1)(duty of attorney serving a subpoena not to impose undue burdens; court "shall" enforce the duty). Accordingly, the subpoena should be quashed in its entirety under Rule 45(c)(3)(a)(i). Furthermore, SML submits that this Court is well within its authority to impose sanctions on counsel who issued the subpoena for failing to comply with the provisions Fed. R. Civ. P. 45(c)(1).

## II. THE SUBPOENA SHOULD BE QUASHED BECAUSE IT IS OVERLY BROAD AND UNDULY BURDENSOME

In addition to failing to allow a reasonable time for compliance, the document requests themselves are inappropriate and should be quashed in their entirety. Schedule A attached to the subpoena seeks:

> Any and all documents, contracts, agreements, cancelled checks, notes, email communications, memoranda, tax returns, receipts, and other documents relating to or reflecting any services You rendered to any of the following entities or individuals for the period January 1, 2000 through the present:
>
> Benistar Admin Services, Inc.
> Benistar Property Exchange Trust Co., Inc.
> Boston Property Exchange Transfer Co., Inc.
> Benistar Employer Services Trust Corporation
> Daniel Carpenter
> Molly Carpenter
> Benistar 419 Plan Services, Inc.
> Benistar 419 Trust
> Step Plan Services, Inc.
> Step Plan Trust
> Carpenter Financial Group, Inc.
> Benistar Ltd.
> Benistar Insurance Group, Inc.

The request is prefaced by the phrase "any and all." It is well-recognized that a demand for the production of "any and all" documents is inappropriate. Such a vague phrase puts an undue burden on the party to whom it is directed. See United States. v. Pena, 910 F. Supp. 535, 541 (D. Kan. 1995) (term "any and all evidence" as a preface to discovery requests is an indicium of a "fishing expedition"). More specifically, as one court has noted:

> Phrases like "any and all" and "each and every" mean no more than "all" and "each", respectively, but their constant use predictably gives the appearance of a broad, far-ranging request, and symbolically imposes upon the respondent potential liability for omitting even a scintilla of information that might be considered relevant. More importantly, if "any and all" of the documents on a given subject are not required, the requester should refrain from asking and, instead, perform the more difficult task of specifically framing the question in a manner designed to elicit the precise information needed.

3

Griffin v. Hitachi Koki, USA, Ltd., 2006 WL 1098881, *3 (M.D. Ala. April 26, 2006).

In the case at bar, the document request is overly broad and unduly burdensome on its face by use of the phrase "any and all" as a predicate to each category of documents sought. The document production request is also overly vague, in that most of the terms used therein are undefined. Furthermore, the request is overly broad as written, as it essentially seeks every document in the possession of SML which in any way relates to the thirteen entities listed above. Given the expanse of the records sought, it is simply not possible that they are all relevant to the issues presented in this litigation. Moreover, the request seeks records relating to entities which are not parties to this litigation. To comply with the requests as written would result in SML expending an exorbitant amount of time and money searching eleven years worth of records, both written and electronic, for responsive documents.

### III. THE SUBPOENA SHOULD BE QUASHED BECAUSE IT SEEKS PRIVATE, CONFIDENTIAL AND COMMERCIALLY SENSITIVE INFORMATION

The Subpoena should be quashed because it seeks sensitive personal and commercial information which implicates the privacy interests of SML's clients. As an accounting and business advisory firm which has access to sensitive financial information, SML has a vested interest in protecting the privacy interests of its clients. In recognition of the harm which can result from the dissemination of this sensitive information, the Federal Rules state that if a subpoena requires the disclosure of confidential commercial information "the court may order…production only upon specified conditions." Fed. R. Civ. P. 45(3)(B)(iii).

In addition, it is well-established that a party with a real interest in the documents sought has standing to raise objections to their production. *See, e.g.*, In Re Flagtelecomholdings, Ltd. Secs. Litig., 2006 U.S. Dist. LEXIS 69140 at *2 (S.D.N.Y. Sept 13, 2006) (in addressing motion

to quash subpoena directed to accounting firm, court holds that a party has a sufficient privacy interest in the confidentiality of records pertaining to their personal financial affairs so as to give them standing to challenge the subpoena); and Arias-Zeballos v. Tan, 2007 U.S. Dist. LEXIS 5068 at *1 (S.D.N.Y. Jan. 25, 2007) (court quashes subpoena to bank seeking copies of defendant's personal financial records, including checks and documents relating to real estate purchase).

In light of the privacy interests possessed by each of the thirteen entities listed in the Subpoena, SML submits that all thirteen should be notified that confidential and sensitive financial information relating to them has been requested. Each entity should then have an opportunity to object, if necessary, to this Subpoena. Given that the Subpoena was issued directly to SML by plaintiff's counsel, SML does not know whether any of the entities are aware of its pendency. In fact, some of the thirteen entities for which information is sought are not parties to this litigation, increasing the likelihood that these entities are unaware that this information has been requested. If the Court is not inclined to quash the Subpoena in its entirety, a protective order forbidding the disclosure of these documents should be entered, pending notification to all thirteen entities that sensitive financial information about them has been requested.

## CONCLUSION

For the foregoing reasons, SML requests that the Court grant its motion to quash the subpoena and document production requests in their entirety. In the alternative, SML requests that Court enter a protective order forbidding the disclosure of the requested documents until such time that the thirteen entities are notified of the pendency of said Subpoena and provided the opportunity to object, if necessary.

NON-PARTY
SIMIONE MACCA & LARROW LLP

By: _____
Joseph J. Arcata III, Esq.
CT Fed. Bar No. 27104
**HALLORAN & SAGE LLP**
One Goodwin Square
225 Asylum Street
Hartford, CT 06103
Tel:   (860) 522-6103
Fax:   (860) 548-0006
E-Mail: arcata@halloran-sage.com

Its Attorneys

## **CERTIFICATION**

This is to certify that on this 1st day of April, 2011, a copy of the foregoing was caused to be faxed and mailed via U.S. Mail to:

John E. O'Brien, Jr.
Robinson & Cole, LLP
One Boston Place
Boston, MA 02108

_____
Joseph J. Arcata III

829253_1.DOC

7

# EXHIBIT A

JOSEPH IANTOSCA, et al.
    Plaintiff,

C.A. No. 08-cv-11785 NMG

V.

(pending in the District of Massachusetts)

BENISTAR ADMIN SERVICES, INC. et al.
    Defendant.

## SUBPOENA IN A CIVIL CASE

TO:     Keeper of Records
         Simione Macca & Larow
         175 Capital Boulevard
         Rocky Hill, CT 06067

[ ]     YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

[ ]     YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

|  | DATE AND TIME |
|---|---|
|  |  |

[X]     YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | | DATE AND TIME |
|---|---|---|
| Robinson & Cole*<br>280 Trumball Street<br>Hartford, CT 06103 | See the attached Schedule A | April 1, 2011<br>4:00 p.m. |

[ ]     YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Plaintiffs   [signature] | 3/22/11 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
John E. O'Brien, Jr.     (617) 557-5900
Robinson & Cole LLP
One Boston Place
Boston, MA 02108

(See Rule 45 Federal Rules of Civil Procedure Parts C & D on Reverse)

10966953-v1

## PROOF OF SERVICE

| | |
|---|---|
| DATE | PLACE |

SERVED

| | |
|---|---|
| SERVED ON (PRINT NAME) | MANNER OF SERVICE |

| | |
|---|---|
| SERVED BY (PRINT NAME) | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
         DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
  (i) fails to allow reasonable time for compliance;
  (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
  (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
  (iv) subjects a person to undue burden.
(B) If a subpoena
  (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
  (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
  (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# SCHEDULE A

## Definitions

1. The term "document" is used in its broadest sense under Fed. R. Civ. P. 34 and includes any tangible evidence of the transfer or storage of information (e.g., letters, memoranda, penciled notes, photographs, magnetic tapes, punch cards, microfilm, writings, drawings, graphs, charts, information stored in a computer, emails, videotapes, phone records, and other data compilations from which information can be obtained or translated), and any other form from which information can be obtained or translated.

2. "Communication" means any verbal or written transmittal of information (in the form of facts, ideas, inquiries, or otherwise) between two or more persons including, but not limited to correspondence, messages, telephone conversations, e-mails, other conversations, discussions, meetings, conferences and other such activities or occurrences where thoughts, opinions, or data are transmitted between two or more persons. "Communication" includes both hard-copy documents and documents transmitted or stored electronically.

3. "Concern" or "concerning" mean comprising, indicating, concerning, describing, evidencing, discussing, constituting, involving, reflecting, referring to, relating to or otherwise having anything to do with the subject matter of the request in any way whatsoever.

4. "You" and "Your" refers to Simione Macca & Larrow, and includes its principals, partners, officers, directors, shareholders, members, employees, agents and representatives.

## Documents Requested

1. Any and all documents, contracts, agreements, cancelled checks, notes, email communications, memoranda, tax returns, receipts, and other documents relating to or reflecting any services You rendered to any of the following entities or individuals for the period January 1, 2000 through the present:

   Benistar Admin Services, Inc.
   Benistar Property Exchange Trust Co., Inc.
   Boston Property Exchange Transfer Co., Inc.
   Benistar Employer Services Trust Corporation
   Daniel Carpenter
   Molly Carpenter
   Benistar 419 Plan Services, Inc.
   Benistar 419 Trust
   Step Plan Services, Inc.
   Step Plan Trust
   Carpenter Financial Group, Inc.

Benistar Ltd.
Benistar Insurance Group, Inc.

* The documents should be mailed to John E. O'Brien, Jr., Esq., Robinson & Cole LLP, One Boston Place, Suite 2500, Boston, MA 02108 for receipt on or before April 1, 2011. Please contact Attorney O'Brien with any questions at (617) 557-5900.