## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOSEPH IANTOSCA, ET AL. | : | CIVIL ACTION NO.: |
| | : | 08-CV-3:11785NMG |
| | : | (*Pending in the District of* |
| v. | : | *Massachusetts*) |
| | : | |
| | : | 3:11-MC-0052-CFD (RNC) |
| BENISTAR ADMINISTRATIVE SERVICES, | : | |
| ET AL. | : | SEPTEMBER 19, 2011 |

### REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION TO QUASH
### GOVERNMENT'S SUBPOENA TO SIMIONE, MACCA & LARROW, LLP

Benistar 419 Plan Services, Inc. ("419 Plan Services"), Benistar 419 Plan & Trust ("419

Plan & Trust"), Carpenter Financial Group, Inc. ("CFG"), Carpenter Financial Group Employee

Stock Ownership Plan ("ESOP"), Carpenter Group, Ltd. ("Carpenter Group"), STEP Plan

Services, Inc. ("Step Plan Services") and the STEP Multiple Employer Supplemental Benefit

Plan & Trust ("STEP Plan & Trust") (collectively "Movants") respectfully submit this reply

memorandum in further support of their motion dated August 18, 2011 to quash a subpoena

issued on or about June 1, 2011 by the intervening plaintiff, United States of America

("Government") to non-party Simione, Macca & Larrow, LLP ("SML"), an accounting firm.

The Government improperly and unlawfully issued the subpoena to obtain information with

respect to the underlying action entitled *Iantosca, et al. v. Benistar Administrative Services, Inc.*,

et al. [Dkt. No. 08-CV-3:11785NMG] (the "Massachusetts Action") when such information

could have been easily requested and objected to through normal discovery procedures, but was

not sought during the discovery period in the Massachusetts Action.  Moreover, the

Government's subpoena violates a number of the Government's own rules and is a clear

violation of U.S.C. §6103 and a felony under 26 U.S.C. §7213.  This unlawful conduct by the

Government should not be countenanced, but reprimanded by an outright quashing of the subpoena.

Furthermore, the Government's egregious conduct in invading the privacy of uninvolved parties by issuing a subpoena to obtain accounting, financial, and tax records only adds insult to the injury of the IRS's arbitrary and capricious penalty assessments levied against 419 Plan Services and BASI in the first place. The Government fails to explain how it can circumvent the statutory suspension of collection called for in 26 U.S.C. 6330(e)(1) by issuing this subpoena, the issuance of which is an ancillary action to the Massachusetts Action, in which the Government's intervention also violates the statutory suspension. Furthermore, the Government has improperly burdened this Court and SML when it should have sought the documents (but failed to do so) via regular discovery.

## ARGUMENT

### I.   MOVANTS HAVE STANDING TO MOVE TO QUASH THE SUBPOENA

First, as referenced in the Movants' original motion and repeated herein, in *Griffith v. United States*, No. M885(JFK), 2007 WL 1222586 (S.D.N.Y. Apr. 25, 2007), the court noted that the Second Circuit has routinely held that "'individuals, whose banking records are subpoenaed, have a privacy interest in their personal financial affairs that gives them standing to move to quash a subpoena served on a non-party financial institution.'" *Id.* at *1 (*quoting Arias-Zeballos v. Tan*, No. 06 Civ. 1268, 2007 U.S. Dist. LEXIS 5068, at *2-3 (S.D.N.Y. Jan. 24, 2007)); *see also Chazin v. Lieberman*, 129 F.R.D. 97, 98 (S.D.N.Y. 1990) (defendants had standing to object to issuance of subpoenas served by plaintiff on third parties based on claim of personal privacy rights in records); *Carey v. Berisford Metals Corp.*, No. 90 Civ. 1045, 1991 WL

44843 (S.D.N.Y. Mar. 28, 1991) (plaintiff had privacy interest in his bank records, allowing him to contest subpoena served on nonparty bank).

In the matter currently before the Court, the Government is not just seeking the Movants' financial records, they are also seeking production of their private tax information and banking information that a taxpayer would only give to his or her accountant, all of which is totally irrelevant to the IRS collection action, the illegitimate IRS penalty assessment, and the underlying Massachusetts action. It is important to note that most of the parties subpoenaed and most of the Movants *are not parties to these underlying actions or the Government lien*. "While it is well-settled that tax returns in the possession of the taxpayer are not immune to civil discovery, *courts are cautious in ordering their production because of "'the private nature of the sensitive information contained therein and the public interest in encouraging the filing by taxpayers of complete and accurate returns.'"* *Dunkin Donuts Franchised Restaurants LLC v. Grand Central Donuts, Inc.* No. CV20074027 (ENV) (MDG), 2009 WL 973363, at *2 (E.D.N.Y. Apr. 9, 2009) (emphasis provided) (*quoting Ellis v. City of New York*, 243 F.R.D. 109, 111-12 (S.D.N.Y. 2007)). "Courts have ordered such disclosure only upon satisfaction of a two-prong test: (1) relevance to the subject matter of the action, and (2) existence of a compelling need because the information is not readily obtainable from a less intrusive source." *Sadofsky v. Fiesta Products, LLC*, 252 F.R.D. 143, 149 (E.D.N.Y. 2008). "Where confidential documents such as tax returns are sought from a non-party, the request is given *careful scrutiny*." *U.S. v. Monumental Life Ins. Co.*, 440 F.3d 729, 735 (6th Cir. 2006) (emphasis provided).

3

SGR\9070135.4

## II.    THE GOVERNMENT'S ENFORCEMENT ACTION VIOLATES THE SUSPENSION OF COLLECTION ACTIONS STATUTE AND THE MOTION TO QUASH IS AN APPROPRIATE VEHICLE FOR ENFORCING THE STATUTORY SUSPENSION OF COLLECTION ACTIVITIES PURSUANT TO 26 U.S.C. 6330(e)(1)

The Government argues that the motion to quash is inappropriate because the Movants should have filed an action for an injunction to prevent the Government from violating the suspension of collection activities imposed by operation of 26 U.S.C. § 6330(e)(1) once BASI and 419 Plan Services exercised their rights under IRC § 6330(a)(3)(B) to a collection due process ("CDP") hearing.

Section 6330(e)(1), however, is not as restrictive as the Government suggests. Rather, that section expressly provides an exception to the Anti-Injunction Act, IRC § 7421, contrary to the Government's argument and grants a wide power to the courts by providing that "[n]otwithstanding the provisions of section 7421(a) [the Anti-Injunction Act], the beginning of a levy or proceeding during the time the suspension under this paragraph is in force may be enjoined by a proceeding in the proper court . . . ."

Since the violation of the suspension is the service of the subpoena (along with the Complaint in Intervention in the Massachusetts Action) to SML, and since the Government issued the subpoena out of this Court, this Court is "the issuing court," in accordance with Fed. R. Civ. P. 45(c)(3), and, as a result, "the proper court," within the meaning of IRC § 6330(e)(1), to quash the subpoena and to enjoin the violating activity. An order quashing the subpoena would be the equivalent of an injunction prohibiting the Government from receiving or SML from producing the Movants' records.

Furthermore, the Government violated 26 U.S.C. §§ 6103(a)(1), (b)(2)(A), and (b)(6) by disclosing the Movants' Employer Identification Numbers in the subpoena and sending copies of

SGR\9070135.4

private taxpayer identification numbers to all the parties in this action, including adversaries of

the party Movants. Violation of 26 U.S.C. § 6103(a) is a felony under 26 U.S.C. § 7213(a)(1).

Such disregard for the rights of taxpayers, whether they are parties or nonparties, whether they

are individuals or businesses, must be punished, not rewarded.

The Government intervened as a plaintiff in this action for the express purpose of seizing

and executing on certain settlement proceeds that would be payable to either the STEP Plan or

the Benistar 419 Plan, neither of which are indebted to the Government in any way. The

Government's claims in this action most certainly represent the type of collection action

suspended by operation of 26 U.S.C. § 6330(e)(1).

The Government tries to downplay its collection action in violation of the statutory

suspension by stating that "section 6330 as a whole is concerned with giving taxpayers 'due

process' and when the United States brings a law suit in court, the ability to defend in front of a

federal judge is all the process that could conceivably be due." USA Br. 17. The Government is

being disingenuous because it promised the Massachusetts court that it would need little or no

discovery because of its intervention in this case. Now the Government is forced to deceive yet

one more federal court to carry out its improper and unlawful conduct:

> On page 12 of the Government's memorandum in support of its motion to
> intervene, the Government represented to the United States District Court for the
> District of Massachusetts that "the United States' position is that it will require
> only moderate factual discovery in this case, **if any** . . ." and that "**there is no
> need for discovery with respect to the merits of the tax penalty assessments** as
> no party may challenge the merits of the assessments in this case." Emphasis
> added.

The Government also reads Treasury regulation, 26 C.F.R. § 301.6330-1(g)(2), to mean

that despite the statutory suspension of collection and levy actions, "the government may pursue

judicial proceedings, such as **the lien-enforcement action in the District of Massachusetts**, and

SGR\9070135.4

issue subpoenas pursuant to that action." Oppn. at 12 (emphasis provided). What else can a "lien-enforcement action" be other than a collection or levy action? The Government's tortured reading of § 6330(e)(1) and the regulation would render the suspension of collection and levy actions meaningless.

The Government also argues that because only BASI and 419 Plan Services have requested CDP hearings, they are the only Movants with standing to challenge a violation of the suspension under IRC § 6330(e)(1). That fact is not true, but the Government cannot have it both ways. It seeks the records of 19 entities and/or individuals under the belief that said records are reasonably calculated to lead to the discovery of admissible evidence under its alter ego and nominee theories of liability. Thus, both BASI and 419 Plan Services have standing to challenge a violation of the suspension with respect to all 19 entities and persons, as well as all 19 entities and persons have standing to challenge the violation of their private tax returns and financial records. It does not make any logical sense that an uninvolved party can have relevant evidence and/or not have the right to challenge an unwarranted intrusion into his or her privacy. The Government cannot group all 19 entities and persons together for the purpose of proving the relevance of the documents it seeks but argue that they are separate for the purpose of challenging a violation of the suspension.

The Government's Opposition is essentially a missive to the Court declaring that it can do what it wants, despite its own statutes and regulations, to collect money that may be due to it. It claims that the IRS can dictate its own actions with no penalty, with the possible exception of seizing property, despite the request for a CDP hearing. The Government claims the IRS is above the law and can break its own rules. Section 6330(e)(1), however, is entitled: "Suspension of collections and statute of limitations." The first sentence states that "if a hearing is requested

SGR\9070135.4

under subsection (a)(3)(B), the levy actions which are the subject of the requested hearing and the running of any period of limitations under section 6502 (relating to collection after assessment), section 6531 (relating to criminal prosecutions), or section 6532 (relating to other suits) shall be suspended for the period during which such hearing, and appeals therein, are pending." Thus, the original intervention in the Massachusetts case was unlawful and so was the issuance of this overbroad and illegitimate subpoena.

The suspension of collections under IRC § 6330(e)(1) was enacted as part of the IRS Restructuring and Reform Act of 1998 ("RRA"), in which Congress recognized that the enormous power the IRS was wielding against taxpayers conflicted with modern notions of fairness and, therefore, it provided protections for taxpayers. "The Committee believes that following procedures designed to afford taxpayers due process in collections will increase fairness to taxpayers." IRS Restructuring and Reform Act of 1998, S. Rep. No. 105-174, at 67 (1998). Among the provisions of the RRA, Congress added § 6330, including § 6330(e)(1), to the IRC to provide a formal mechanism for CDP hearings and afford protection to taxpayers while such hearings are pending.

Despite the Government's contention, the suspension of collections under IRC 6330(e)(1) is the equivalent of and serves purposes similar to the automatic stay in bankruptcy under 11 U.S.C. § 362. "*The Committee believes that taxpayers are entitled to protections in dealing with the IRS that are similar to those they would have in dealing with any other creditor.*" IRS Restructuring and Reform Act of 1998, S. Rep. No. 105-174, at 67 (1998) (emphasis provided). Both the suspension under IRC § 6330(e)(1) and the automatic stay in bankruptcy freeze distracting litigation and other activities in order to permit the primary event to proceed unimpeded and to assure the taxpayer, in the present case, and the debtor, in the bankruptcy

SGR\9070135.4

context, that their interests will be preserved while the CDP hearing and the bankruptcy case are pending.

IRC § 6330(e)(1) also suspends "the levy actions which are the subject of the requested [Collection Due Process] hearing." Such "levy actions" are not defined in the RRA or the IRC. Within the context of IRC § 6330 entitled, "Notice and opportunity for hearing before levy," and of IRC § 6330(e)(1) entitled, "Suspension of collections . . .," however, it appears that "levy actions" is quite sweeping in scope and is not limited to the final act of seizure of property.

The Notice of Intent to Levy served on BASI and 419 Plan Services, attached as part of Exhibit C to the Motion to Quash, supports this conclusion. On page 2 of each Notice, the IRS informed BASI and 419 Plan Services that if they did not pay the penalty assessment, the IRS intended to levy on their property and take collection actions:

> **What We Are Going To Do**
>
> If you don't pay the amount you owe, make alternative arrangements to pay, or request an Appeals hearing within 30 days from this letter's date, we may take collection action against your property, or rights to property, such as real estate, automobiles, business assets, bank accounts, and other income.

The implication of this statement is that collection actions, which are broadly described, will not be taken if the taxpayer requests a CDP hearing, as BASI and 419 Plan Services have done. As is evident, the Government's subpoena, as well as its intervention in the Massachusetts Action, is in direct contravention of the suspension of collection activities imposed by 26 U.S.C. § 6330(e)(1). Therefore, the subpoena should be quashed in its entirety.

## III.   THE GOVERNMENT HAS NOT SOUGHT THE DOCUMENTS FROM LESS INTRUSIVE SOURCES

The Government concedes in its Opposition that it "served request[s] for production upon Benistar Admin, Benistar 419, and STEP Plan in the Iantosca case, many of which seek the same

SGR\9070135.4

documents sought in the subpoena to SML." Oppn. at 17. The Opposition goes on to state that "none of those parties, however, has produced a single document to the United States in response to those requests for production." *Id.* The relevant parties appropriately and validly objected to the Government's discovery and those objections do not give the Government the right to come into this Court to instead seek documents from a disinterested third party.

On or around June 15, 2011, the Government served Interrogatories and Requests for Production on BASI, Step Plan Services and 419 Plan Services only. Interrogatories and Requests for Production were never propounded on CFG and the remaining Movants and certain subjects of the Subpoena are not parties to any of the various litigations.

Discovery in the Massachusetts Action had been extended for the Government until August 15, 2011. The Government had every opportunity to seek discovery on the relevant parties, only two of whom are the Movants for purposes of this Motion. It is wholly inappropriate for the Government to now come before the courts of Connecticut to seek to subpoena documents that could have easily been requested in an already pending lawsuit in Massachusetts. *See Four M Corp. v. Guiliano,* No. 89 Civ. 5275(KTD), 1991 WL 44840, at *1 (S.D.N.Y. Mar. 27, 1991) (granting motion to quash discovery subpoenas on basis that they were served after discovery deadline and parties were on notice as to information sought prior to deadline). Thus, the subpoena should be quashed.

Moreover, the Government never sought to challenge or compel further responses to the Interrogatories and Requests for Production. The Government must resolve any and all discovery disputes in the Massachusetts Action before going on a fishing expedition to retrieve the same documents from a third party when they have already been sought from certain defendants. *See Saye v. Old Hill Partners, Inc.,* No. 3:03CV1071DJS, 2004 WL 2750319 (D.

SGR\9070135.4

Conn. Dec. 1, 2004) (granting defendants' motion to quash subpoena because document requests affixed to it were identical to previously served document requests; Court advised plaintiff that if not satisfied with responses provided, to seek relieve pursuant to F.R.C.P. 34).

Here, the Government's failure to abide by the Federal Rules of Civil Procedure, the IRS's own rules, and Massachusetts Local Rules should not be allowed to add to the harm already done to the Movants by the Government in its inappropriate and unlawful intervention in the Massachusetts Action.

## CONCLUSION

For the foregoing reasons and the reasons presented in the moving papers, the Court should quash the Government's subpoena to the accounting firm of Simione, Macca & Larrow, LLP.

Dated: September 19, 2011
       New York, NY

                            Respectfully submitted,

                            SMITH, GAMBRELL & RUSSELL, LLP


                            By: /s/ Joseph M. Pastore III
                                Bar No. ct11431

                            250 Park Avenue
                            Suite 1900
                            New York, NY 10177
                            Tel:  (212) 907-9700
                            Fax:  (212) 907-9800
                            jpastore@sgrlaw.com

                            One Stamford Plaza
                            263 Tresser Blvd., 9th Floor
                            Stamford, CT 06901
                            Tel: (203) 564-1485
                            Fax:  (203) 564-1402

SGR\9070135.4

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of September, 2011, this document was filed through

the Court's CM/ECF system and will be sent electronically to the registered participants as

identified in the Notice of Electronic Filing (NEF).


/s/ Joseph M. Pastore III

SGR\9070135.4